IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:21-CV-171-BO

| | |
|---|---|
| JAMES WARREN CHESNUTT and TRACEY CHESNUTT, Plaintiffs, | ) ) ) ) |
| v. | ) ORDER ) |
| QBE SPECIALTY INSURANCE COMPANY and SOUTHERN PILOT INSURANCE COMPANY, Defendants. | ) ) ) ) ) |

This cause comes before the Court on defendant QBE Specialty Insurance Company's motions to dismiss [DE 10, 21] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs responded in opposition, defendant replied, and a hearing was held before the undersigned on June 16, 2022 in Elizabeth City, North Carolina. For the reasons that follow, defendant's first motion to dismiss is denied as moot. Defendant's second motion to dismiss is granted.

## BACKGROUND

Plaintiffs James and Tracey Chesnutt possessed an insurance policy for their Emerald Isle home issued by Southern Pilot Insurance Company for the period of July 14, 2018 to July 14, 2019. Plaintiffs allegedly understood that they possessed a policy through QBE and its wholly or mostly owned subsidiary, Southern Pilot Insurance Company. Plaintiffs had been paying their premium payments to QBE and the policy was allegedly in good standing on September 14, 2018.

On September 14, 2018, the insured property suffered damage from Hurricane Florence. Plaintiffs timely filed a claim through representatives of QBE and received some amount of

payment. However, the plaintiffs allege that defendants refused to pay over $25,000 of outstanding damage claims. Plaintiffs filed this suit to recover the difference in value between what they were paid under the insurance policy and the true value of their claimed damage. Plaintiffs allege breach of contract, a North Carolina Unfair and Deceptive Trade Practices Act violation, and a common law bad faith claim. Plaintiffs seek declaratory judgement and specific performance.

On November 15, 2021, defendant QBE Specialty Insurance Company ("QBE SIC") removed this case from Carteret County to federal court in this district. At the time, QBE SIC was the only defendant named in the case. On December 6, 2021, QBE SIC filed a motion to dismiss the complaint [DE 10]. On January 26, 2022, plaintiffs filed an amended complaint that added Southern Pilot Insurance Company as a defendant. QBE SIC renewed their motion to dismiss [DE 21] the amended complaint on February 16, 2022. A hearing was held on the motions before the undersigned on June 16, 2022 in Elizabeth City, North Carolina.

## DISCUSSION

As an initial matter, the Court addresses defendant's first motion to dismiss [DE 10], which argued that plaintiffs' original complaint should be dismissed. The original complaint was superseded on January 26, 2022 by the amended complaint [DE 18]. Accordingly, defendant's first motion to dismiss is denied as moot.

In defendant's second motion to dismiss, defendant QBE SIC moves to dismiss all claims against it, stating that it is not a proper party in this suit because it was not the entity who issued the insurance policy. Essentially, defendant states that this is a case of mistaken identity – that plaintiffs could or might have had contact with another legal entity regarding their insurance policy, such as QBE or QBE North America, but that QBE SIC was not involved with the insurance

2

payment. However, the plaintiffs allege that defendants refused to pay over $25,000 of outstanding damage claims. Plaintiffs filed this suit to recover the difference in value between what they were paid under the insurance policy and the true value of their claimed damage. Plaintiffs allege breach of contract, a North Carolina Unfair and Deceptive Trade Practices Act violation, and a common law bad faith claim. Plaintiffs seek declaratory judgement and specific performance.

On November 15, 2021, defendant QBE Specialty Insurance Company ("QBE SIC") removed this case from Carteret County to federal court in this district. At the time, QBE SIC was the only defendant named in the case. On December 6, 2021, QBE SIC filed a motion to dismiss the complaint [DE 10]. On January 26, 2022, plaintiffs filed an amended complaint that added Southern Pilot Insurance Company as a defendant. QBE SIC renewed their motion to dismiss [DE 21] the amended complaint on February 16, 2022. A hearing was held on the motions before the undersigned on June 16, 2022 in Elizabeth City, North Carolina.

## DISCUSSION

As an initial matter, the Court addresses defendant's first motion to dismiss [DE 10], which argued that plaintiffs' original complaint should be dismissed. The original complaint was superseded on January 26, 2022 by the amended complaint [DE 18]. Accordingly, defendant's first motion to dismiss is denied as moot.

In defendant's second motion to dismiss, defendant QBE SIC moves to dismiss all claims against it, stating that it is not a proper party in this suit because it was not the entity who issued the insurance policy. Essentially, defendant states that this is a case of mistaken identity – that plaintiffs could or might have had contact with another legal entity regarding their insurance policy, such as QBE or QBE North America, but that QBE SIC was not involved with the insurance

contract at the heart of this case. Plaintiffs argue that at least one of the defendants in this case is responsible for the insurance policy.

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The complaint must plead sufficient facts to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

"To state a claim for breach of contract, the complaint must allege that [1] a valid contract existed between the parties, that [2] defendant breached the terms thereof, [3] the facts constituting the breach, and [4] that damages resulted from such breach." *Grich v. Mantelco, LLC*, 228 N.C. App. 587, 589–90 (2013). To state a claim for a violation of the North Carolina Unfair and Deceptive Trade Practices Act, a plaintiff must allege "(1) an unfair or deceptive act or practice,

3

or unfair method of competition, (2) in or affecting commerce, and (3) which proximately caused actual injury to the plaintiff or his business." *Murray v. Nationwide Mut. Ins. Co.*, 123 N.C. App. 1, 9, 472 S.E.2d 358, 362 (1996); see N.C. Gen. Stat. § 75-1.1. "In order to recover punitive damages for the tort of an insurance company's bad faith refusal to settle, the plaintiff must prove (1) a refusal to pay after recognition of a valid claim, (2) bad faith, and (3) aggravating or outrageous conduct." *Lovell v. Nationwide Mut. Ins. Co.*, 108 N.C. App. 416, 420, *aff'd*, 334 N.C. 682 (1993).

While plaintiffs state a claim that some entity called "QBE" was involved in the insurance contract issued by defendant Southern Pilot Insurance Company, plaintiffs do not state facts sufficient to plausibly allege that defendant QBE SIC is the "QBE" that plaintiffs allegedly worked with regarding their insurance policy. Plaintiffs' complaint does credibly allege that plaintiffs paid insurance premiums to an entity referred to as "QBE" and interacted with "QBE" representatives regarding their claim and payment under the insurance policy issued by defendant Southern Pilot Insurance Company. However, plaintiffs' complaint concludes, without providing any supporting facts, that Southern Pilot Insurance Company is wholly or mostly owned by QBE SIC. Without more supporting facts, the Court cannot infer more than the mere possibility that QBE SIC is contractually related to Southern Pilot Insurance Company and thus involved with the insurance contract. The Court finds that plaintiffs have not alleged sufficient facts to plausibly state that a contract existed between plaintiffs and QBE SIC. Accordingly, plaintiffs have failed to allege the elements necessary to state a breach of contract claim, an Unfair and Deceptive Trade Practices claim, and a bad faith claim against QBE SIC.

Plaintiffs seek declaratory judgement and specific performance against QBE SIC. "The party claiming the right to specific performance must show the existence of a valid contract[.]"

4

*Munchak Corp. v. Caldwell*, 301 N.C. 689, 694 (1981). Without a showing that a contract existed between plaintiffs and QBE SIC, plaintiffs are not entitled to declaratory judgement or specific performance. Accordingly, defendant QBE SIC's second motion to dismiss is granted.

## CONCLUSION

Accordingly, defendant QBE Specialty Insurance Company's first motion to dismiss [DE 10] is DENIED AS MOOT. QBE Specialty Insurance Company's second motion to dismiss [DE 21] is GRANTED. QBE Specialty Insurance Company is dismissed as a defendant in this case.

SO ORDERED, this __17__ day of June, 2022.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE