UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:21-CV-171-BO

| | |
|---|---|
| JAMES WARREN CHESNUTT and TRACEY CHESNUTT, ) ) ) Plaintiffs, ) ) v. ) ) SOUTHERN PILOT INSURANCE ) COMPANY ) ) Defendant. ) | O R D E R |

This matter comes before the Court on defendant's motion [DE 35] for summary judgment. Plaintiffs responded, and defendant replied. In this posture, the matter is ripe for adjudication.

## BACKGROUND

The Chesnutts own the property at 107 Magens Court, Cedar Point, North Carolina. Southern Pilot Insurance provided the property's primary policy, which included the following limitation in bold capital letters.

**"WARNING: THIS PROPERTY INSURANCE POLICY DOES NOT PROTECT YOU AGAINST LOSSES FROM FLOODS, MUDSLIDES, EARTHQUAKE, LANDSLIDES, WINDSTORM OR HAIL."**

[DE 22-1]. So the Chesnutts added a co-insurance policy – provided by the North Carolina Joint Underwriters Association ("NCJUA") – that covered "wind damage." In 2018, Hurricane Florence badly damaged the property and the Chesnutts' made claims on both policies. Inspectors concluded the damage was caused by the storm's high winds. The NCJUA policy paid the Chesnutts over $400,000. Southern Pilot claimed their policy did not cover the Chesnutts' losses and refused to pay.

## DISCUSSION

The Chesnutts claim that Southern Pilot (1) breached their contract, (2) in bad faith, and (3) violated the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA") N.C. Gen. Stat. § 75-1.1 *et seq*. The first two claims cannot survive summary judgment because the Chesnutts have not created a genuine issue about whether Southern Pilot breached the contract. The third claim fails because there is insufficient evidence that Southern Pilot committed an "unfair or deceptive" act or practice. Therefore, defendant's motion for summary judgment must be granted.

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the nonmoving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. . . . and [a] fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

I.   No breach of contract.

A breach of contract claim requires plaintiff to show the existence of a valid contract and a breach of that contract. *Poor v. Hill*, 138 N.C. App. 19, 26 (2000). Disputes regarding insurance coverage may be appropriate for summary judgment where the issue is whether the applicable policies cover the events as alleged. *N. Carolina Farm Bureau Mut. Ins. Co., Inc. v. Martin by & through Martin*, 376 N.C. 280, 285 (2020). Under North Carolina law, "[t]he party seeking coverage under an insurance policy bears the burden to allege and prove coverage." *Id.* (internal quotation and citation omitted).

Here, the Chesnutts have done nothing to bring themselves within the policy. *Hobson Const. Co. v. Great Am. Ins. Co.*, 71 N.C. App. 586, 590, 322 S.E.2d 632, 635 (1984). They fail to even identify which part of the policy Southern Pilot allegedly breached. Instead, the Chesnutts conclude the issues of "[w]hether or not there is coverage for any of the [Chesnutt's] losses . . . are matters of fact for the jury to determine." [DE 37 at 4]. However, without reference to a specific provision of the agreement that was allegedly breached, the Chesnutts have not created a genuine dispute about whether Southern Pilot actually breached the agreement.

Moreover, Southern Pilot has demonstrated that their policy excluded the Chesnutts' claim. The policy did not cover property damage caused by "windstorms." [DE 22-1]. The property was damaged by high winds. Therefore, Southern Pilot has demonstrated the policy does not cover plaintiffs' claims. The Chesnutts' failure to provide evidence to the contrary is fatal to their breach of contract claim.

II.   No bad faith.

That failure is also fatal to their bad faith claim. Common law bad faith requires the Chesnutts to show: (1) defendant's refusal to pay after recognition of a valid claim, (2) defendant's

3

bad faith, and (3) defendant's aggravating or outrageous conduct. *Lovell v. Nationwide Mut. Ins. Co.*, 108 N.C. App. 416, 424 S.E.2d 181 (1993). The Chesnutts cannot meet the first element because they failed to show they had a valid claim. And without evidence of a valid claim, the Chesnutts cannot show Southern Pilot refused to *recognize* their valid claim. Besides, there is no evidence of Southern Pilot's bad faith or outrageous conduct. Therefore, the bad faith claim must be dismissed.

III.  No unfair or deceptive act or practice.

To establish a UDTPA violation, a plaintiff must show "(1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiffs." *Gray v. N.C. Underwriting Ass'n,*, 352 N.C. 61, 68 (2000). "[W]hether an act or practice is an unfair or deceptive practice . . . is a question of law for the court." *Id.*

Southern Pilot did not commit an "unfair or deceptive" act or practice. The Chesnutts have not set forth any specific evidence that Southern Pilot's conduct was inherently unfair, unscrupulous, immoral, or injurious to them.

First, the Chesnutts complain that their claim should have been settled for more money. But the parties' disagreement about the claim's value is insufficient to qualify for relief under the UDTPA.

Second, the Chesnutts accuse Southern Pilot of violating a North Carolina statute. The statute states that when a co-insurance claim is adjusted, the primary insurance provider must do the adjusting. N.C. Gen. Stat. § 58-45-35. The Chesnutts accuse Southern Pilot, the primary insurance provider, of improperly adjusting the Chesnutts' NCJUA claim. But they cite no evidence to support that accusation. Moreover, the Chesnutts do not explain how that alleged statutory violation would constitute an "unfair or deceptive act or practice." Given the lack of legal

4

authority and evidentiary support, plaintiffs' UDTPA claim cannot proceed past summary judgment.

## CONCLUSION

For the foregoing reasons, defendant's motion [DE 35] for summary judgment is GRANTED. The Clerk is DIRECTED to enter judgment accordingly and close the case.

SO ORDERED, this __14__ day of April, 2023.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE